UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  17-cv-20942-JEM

JANE ELIZABETH SNIDER-HANCOX,

     *Plaintiff*,

vs.

NCL (BAHAMAS) LTD,
a Bermuda Company d/b/a
NORWEGIAN CRUISE LINES,

     *Defendant*.

_____/

## DEFENDANT'S OMNIBUS MOTION IN LIMINE

     Defendant, NCL (BAHAMAS) LTD., a Bermuda Company d/b/A NORWEGIAN CRUISE LINE ("Norwegian"), by and through undersigned counsel, hereby files its Omnibus Motion *in Limine* and as grounds therefor states as follows:

## INTRODUCTION

     This is a maritime personal injury action brought by Plaintiff, JANE ELIZABETH SNIDER-HANCOX ("Plaintiff"), who alleges that she slipped and fell on an unidentifiable "sticky liquid" while walking near the Champs Bar on Deck 12 aboard the Norwegian *Sky*.  For the reasons set forth more fully below, Norwegian respectfully requests that this Honorable Court enter an order granting its Omnibus Motion *in Limine* in its entirety.

## MEMORANDOM OF LAW

### I.    Legal Standard

     "The real purpose of a Motion *In Limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." *Stewart v. Hooters of Am., Inc*., No. 8:04-CV-40-T-17-MAP, 2007 U.S.

1

Dist. LEXIS 44056, 2007 WL 1752873, at *1 (M.D. Fla. 2007). Accordingly, the function of a motion in *limine* is to "present[] a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *Id*. (citing *Schuler v. Mid-Central Cardiology*, 313 Ill. App. 3d 326, 729 N.E. 2d 536, 246 Ill. Dec. 163 (Ill. App. Ct. 2000)); *Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688, 688-89 (S.D. Fla. Oct. 10, 2014). A trial court derives authority to rule *in limine* from its inherent power to manage trial and should exercise that power where evidence is clearly inadmissible for any purpose. *Soto v. Geico Indem. Co.,* 2014 WL 3644247 *1 (M.D. Fla. 2014).

## II.     Any Causation and/or Expert Opinions from Plaintiff's Treating Physicians Must be Excluded

The Federal Rules of Civil Procedure require that Plaintiff's expert disclosures "must be accompanied by a **written report** – prepared and signed by the witness." *See* Fed. R. Civ. P. 26(a)(2)(B). Further, the Rules require that the written report must contain a complete statement of all opinions the witness will express and the bases and reasons for those opinions; the facts, data or other information considered by the witness in forming them; and any exhibits that will be used to summarize or support them; the witness's qualifications, including a list of all publications authored in the previous 10 years; a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case. *See* Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi) (emphasis added).

These requirements are designed "to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Reese v. Herbert,* 527 F.3d 1253, 1266 (11th Cir. 2008); *see also* Federal Rule of Civil

2

Procedure 26, Advisory Committee's Note (expert reports must be detailed and complete); *Reed v. Binder*, 165 F.R.D. 424 (D.N.J 1996) (holding that expert reports must include "how" and "why" the expert reached a particular result, not merely the expert's conclusory opinions).

In this case, Plaintiff in her expert disclosures (attached hereto as Exhibit "A"), identified the following treating physicians as expert witnesses:

1. Norman Tingle, MD, treating primary doctor

2. David C. Perry, MD, treating orthopedist

3. John P. Wilkerson, MD, treating orthopedist and surgeon

4. Robert Martinez, MD, radiologist

To the extent that Plaintiff is asking any of the aforementioned treating physicians to opine regarding Plaintiff's current medical symptoms, past and future medical care and treatment, permanent nature of injuries, disability, impairment, and causation, Plaintiff was required to serve reports containing her experts' complete opinions and the bases for those opinions. *See Nagle v. Mink*, 2011 U.S. Dist. Lexis 97781 (S.D. Colo. Aug. 29, 2011) (holding that when a physician opines regarding **causation, prognosis, or future disability**, the physician is going beyond what he did and what he saw and must provide a report); *see also Muzaffar v. Ross Dress for Less*, 2013 U.S. Dist. LEXIS 106232 (S. D. Fla. 2013) (holding that when the testimony of the treating physician or provider … **includes opinions on causation, prognosis, and/or future implications of the injury, then he or she must provide a full report**) (emphasis added).

In this case, Plaintiff's treating physicians that were disclosed as expert witnesses did not serve a full written report as required by the Federal Rules of Civil Procedure. For this reason alone, any opinions pertaining to causation, permanency, prognosis, or future disability offered by Plaintiff's treating physicians should be stricken. Notwithstanding, where a report is not required,

the Rules still require a party to disclose the subject matter on which the witness is expected to testify and a summary of the facts and opinions to which the witness is expected to testify, which has not been done in this case. *See* Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii).

In this matter, the deposition of Plaintiff's treating physician Dr. John Wilkerson was taken and he admittedly never drafted a Rule 26 report:

Q. Doctor, did you ever prepare and sign a Rule 26 report in this case?

A. I don't know what's a Rule 26 report.

Q. It's a report specifically for the litigation.

A. I'm not aware if I did. But if I have, please show it to me.

Q. Well, I'm here to find out.  But have you --

A. I've never heard of that before, so I don't think so.

(Dr. John Wilkerson, Depo. Tr., pg. 63, attached hereto as Exhibit "B.").

As such, during Dr. Wilkerson's deposition he improperly proffered testimony regarding *causation* even though he never authored a Rule 26 report as required under the rules:

Q. Do you have an opinion within a reasonable medical certainty as to whether or not the fracture and nonunion shown on this X-ray was the result of her fall in -- on May 17, 2016?

MR. GORDON: Objection to form. Foundation. Also seeks an improperly disclosed opinionunder Rule 26. Go ahead.

THE WITNESS: So is the question, do I think this is related to her fall?  Yes.

MR. GORDON: Same objection.

THE WITNESS:   Yes.

Q. Can you tell me what -- how you came to that opinion?

MR. GORDON: Sameobjection.

THE WITNESS: Based off of the historyprovided by the patient, based off of any medical records and reports that I had at the time when I saw her in the office, the story matched up.

Q.  Do you have an opinion within a reasonable of medical certainty as to whether or not that displacement that is shown on Exhibit 2 for identification existed from May 17, 2016, until the date that you initially saw her -- I'm sorry, May 9th of 2016, through May 17th of

2017, when you first saw her?

MR. GORDON:  Same objection.

THE WITNESS:  So the question is, do I know that it was there? Yes, it was there.

Q.  That's your opinion within a reasonable medical certainty?

MR. GORDON:  Same objection.

THE WITNESS:  Yes, yes.

(Exh "B", pgs. 20-22).

Accordingly, the foregoing testimony provided by Dr. Wilkerson regarding causation is impermissible as he failed to author the requisite Rule 26 report and thus any such opinions must be excluded as a matter of law. *Muzaffar v. Ross Dress for Less*, 2013 U.S. Dist. LEXIS 106232 (S. D. Fla. 2013).

Further, Dr. Wilkerson, even though not a properly disclosed expert witness (did not disclose a Rule 26 report), also improperly provides opinions regarding future treatment and impairment which is also not permitted under *Muzaffar* and therefore must be excluded:

Q. Do you have an opinion within reasonable medical certainty as to whether she will need physical therapy from time to time in the future?

MR. GORDON: Object to form. Also, calls for an improperly disclosed opinion.

THE WITNESS: I think -- I think that, you know, now that she's so many months out, I think she would be fine with the home exercise program, and that she should be consistent with those exercises, and I think she'll be okay. I don't think she needs to go back and keep seeing a therapist for those last few degrees, to try to get better there. If she is consistent with the exercise program and does it, she will be okay.

 (Exh. "B", pgs. 41-42).

Q. Did you determine an impairment rating within a reasonable medicalcertainty?

MR. GORDON: Object to form.

THE WITNESS: Yes, I did.

MR. GORDON: Asking for improperly disclosed expert testimony.

Q.  And can you tell the jury what impairment rating you found?

MR. GORDON: Same objection.

THE WITNESS: The rating was 3 percent.

Q.  And what guidelines did you use in assessing that  impairment rating?

A.  American Medical Association Guide to the Evaluation of Permanent Impairment, Sixth Edition.

(Exh "B", pgs. 37-38).

Pursuant to Rule 37(c) of the Federal Rules of Civil Procedure, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) … the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). As the Southern District of Florida has noted on numerous occasions, "**the sanction of exclusion [of expert testimony] is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.**" *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 2010 U.S. Dist. Lexis 54148 *9 (S.D. Fla. 2010) (emphasis added); *United States v. Batchelor-Robjohns*, 95 A.F.T.R.2d (RIA) 3001 *8 (S.D. Fla. 2005) (further noting that "Rule 37(c)(1) requires absolute compliance with Rule 26(a)…"); *Dyett v. North Broward Hospital District*, 2004 U.S. Dist. LEXIS 30473 (S.D. Fla. 2004); *see also Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998).

Based on the brief summaries provided within Plaintiff's expert disclosures, Norwegian anticipates that Plaintiff will attempt to elicit expert opinions from Plaintiff's treating physicians on issues relating to medical causation, prognosis, and permanency. As such opinions go beyond treatment of Plaintiff; Plaintiff was required to disclose all of these opinions in expert reports. *Muzaffar v. Ross Dress for Less*, 2013 U.S. Dist. LEXIS 106232 (S. D. Fla. 2013) (holding that when the testimony of the treating physician or provider … **includes opinions on causation, prognosis, and/or future implications of the injury, then he or she must provide a full report**). While the opinions that Plaintiff attempted to elicit require a Rule 26 report, even if the

aforementioned treating physicians were considered "non-retained" experts, Plaintiff was still required to provide a disclosure containing a summary of their opinions and the bases/facts supporting the opinions pursuant to *See* Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii).

Accordingly, any expert opinions from any of the Plaintiff's treating physicians pertaining to causation, prognosis, and future disability must be excluded. *See Prieto v. Malgor*, 361 F. 3d 1313, 1317-1318 (11th Cir. 2004) ("Notice of the expert witness' name is not enough. Each witness must provide an expert report...as well as the data considered, the witness' qualifications, the compensation earned, and any other recent cases in which he offered testimony.").

### III.   Plaintiff's and Defendant's Financial Resources

Reference to Plaintiff's limited resources, or need for financial compensation, will serve only to prejudice the jury against Norwegian in favor of Plaintiff. Evidence of a party's limited resources or financial despair is unfairly prejudicial and constitutes reversible error. *City Provisioners, Inc.* v. *Anderson,* 578 So.2d 855, 856 (Fla. 5th DCA 1991). Such comments serve only to misdirect the jury's attention from the factual and legal issues at hand, and are improper and impermissible. *Id.* "Argument directly contrasting the poverty of one of the parties with the wealth of the other is especially apt to prejudice the jury." *Batlemento v. Dove Fountain, Inc.,* 593 So. 2d 234, 241 (Fla. 5th DCA 1991), *rev. denied,* 601 So.2d 551 (Fla. 1992) (citations omitted). Therefore, this Court should not permit any reference to Plaintiff's financial resources. *See Brough v. Imperial Sterling, Ltd.,* 297 F.3d 1172, 1178 (11th Cir. 2002) *(citing Batlemento,* 593 So.2d at 241)* ("The general rule is that, during trial, 'no reference should be made to the wealth or poverty of a party, nor should the financial status of one party be contrasted with the other's.'").

Similarly, this Court should also disallow any reference to Norwegian's superior financial resources vis-a-vis Plaintiff. *Id.; Batlemento,* 593 So.2d at 241; *see Carnival Cruise Lines v.*

*Rosania,* 546 So.2d 736, 737 (n.1) (Fla. 3d DCA 1989) ("They have a doctor, the best that money

could buy. They went out and got a doctor ... and think about how Carnival Cruise Lines defended

his particular case."); *Klein v. Herring,* 34 7 So.2d 681, 682 (Fla. 3d DCA 1977) ("Think about the

resources and the ability that State Farm Insurance Company has,"); *see also Geddes v. United*

*Financial Group,* 559 F.2d 557 (9th Cir. 1977) (the ability of a defendant to pay injects into the

damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial

result).

### IV.    Comments by Counsel Concerning Personal Knowledge of the Justness of Cause

Courts have long held that an attorney may not express his personal opinion as to the

justness of a plaintiff's case or comment on his personal knowledge of the facts of a case. *United*

*States v. Young,* 470 U.S. 1 (1985); *Polansliy v. CNA Ins. Co.,* 852 F.2d 626, 627-28 (1st Cir.

1988); *Fineman v. Armstrong World Indus.,* 774 F. Supp. 266, 270 (D.N.J. 1991). We therefore

request this Court to restrict Plaintiff from doing the same.

### V.    Urging the Jury to "Send a Message" to Norwegian

Comments to a jury urging them to "teach the defendant a lesson" or "let them know they

can't get away with it" are prejudicial, and to allow such statements constitutes reversible error. For

example, in *Neal v. Toyota Motor Corp.,* 823 F. Supp. at 942-45, the plaintiffs' counsel made a

"send the message argument" by stating among other things:

> I submit to you that the evidence in this case has shown that Toyota is not interested
> in the truth, they made no effort to seek it or find it out, and we're going to ask you at
> the close of this case to render a verdict that tells them the truth.

*Neal,* 823 F. Supp. at 944. The Court found these comments highly inappropriate. *See also Erie*

*Insurance Co. v. Bushy,* 394 So. 2d 228, 229 (Fla. 5th DCA 1981) (where court held plaintiff's

attorney request of jurors to, "send a message to those people and let them know that they are going

to have to pay a penalty," was improper argument); *see also Wright & Ford Millworks v. Long,* 412 So. 2d 892 (Fla. 5th DCA 1982) (following *Erie).*

> **VI.   Motion *in Limine* to Limit the Introduction of Medical Expenses as Evidence of Damages to the Amount that Plaintiff Actually Paid and to Exclude as Evidence any Other Amounts Billed**

Norwegian anticipates Plaintiff will attempt to offer into evidence the full amount of the medical expenses billed as a result of his accident. However, it is improper to introduce medical bills which represent the total amount billed rather than the amount that was actually accepted as payment in full satisfaction of the bills. *See Kellner v. NCL,* Case No. 15-23002-CMA, 2016 U.S. Dist. LEXIS 186089 (S.D. Fla. May 20, 2016). The logic behind this rule is clear: a plaintiff is entitled to recover the reasonable value of medical care resulting from the defendant's negligence and the reasonable value of medical services is limited to the amount accepted as payment in full for medical services. *Id.*

Plaintiff is not responsible and will never be responsible for paying the entire amount, as a significant portion of the total amount billed has been adjusted and/or written off by Plaintiff's healthcare providers. Evidence of the full original amount of Plaintiff's medical bills improperly suggests that she has more damages than were actually incurred. The Court should specifically exclude evidence of Plaintiff's medical bills to the extent that they represent anything other than the amount Plaintiff actually paid or owes, as such evidence is irrelevant, misleading, non-probative and extremely prejudicial. Plaintiff should only be entitled to introduce into evidence the amount of the medical bills that he actually paid or will be obligated to pay.

Courts in the Southern District of Florida routinely grant motions *in limine,* like the instant motion, and limit the introduction of medical expenses as damages to the amount actually paid or owed by Plaintiff. *See e.g., Smith v. Royal Caribbean Cruises, Ltd.,* 2014 U.S. Dist. LEXIS 151212, 6-7 (S.D. Fla. Oct. 10, 2014) (limiting the introduction of medical expenses, as evidence

of damages, to the amount that plaintiff actually paid and excluded any reference to any other amounts billed or paid by collateral sources); *Kellner v. NCL,* Case No. 15-23002-Civ- Altonaga, 2016 U.S. Dist. LEXIS 186089 (S.D. Fla. May 20, 2016); *Frauenthal v. Oceania Cruises, Inc.,* Case No. 15-21517-Civ-King, 2016 U.S. Dist. LEXIS 68374 (S.D. Fla. May 19, 2016) (finding that "[w]ith respect to evidence of reductions to medical bills, the reasonable and customary cost of care for the medical services rendered by Plaintiff are the amounts which were actually paid by her or by a collateral source on her behalf, and evidence relating to other amounts which were written off are not relevant to this action."); *Brown v. NCL (Bahamas) Ltd.,* Case No. 15-21732-Civ-Lenard, ECF 107 (S.D. Fla. Oct. 13, 2016) (ordering that "plaintiff may only introduce medical bills regarding amounts actually paid."); *Geyer v. NCL (Bahamas) Ltd.,* Case No. 15-24410-Civ-Altonaga, ECF 79 (S.D. Fla. Sept. 27, 2016) (same). Norwegian respectfully submits that this Honorable Court should follow the rationale in the above-referenced matters and limit the introduction of medical expenses to those actually paid or owed by Plaintiff.

WHEREFORE, Defendant, NCL (BAHAMAS) LTD., a Bermuda Company d/b/a NORWEGIAN CRUISE LINE, respectfully requests that this Honorable Court enter an order granting this Omnibus Motion *in Limine* in its entirety, and any further relief this Honorable Court deems just and proper under the circumstances.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Undersigned counsel hereby certifies that parties have conferred and that Plaintiff's counsel, David Perkins is opposed to the relief requested herein.

Dated: June 11, 2018
   Miami, Florida

Respectfully Submitted,

Jeffrey E. Foreman, Esq.

10

Florida Bar No. 0240310
jforeman@fflegal.com
Michael C. Gordon, Esq.
Florida Bar No. 0149284
mgordon@fflegal.com
Foreman Friedman, PA
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Phone: 305-358-6555, Fax: 305-374-9077

BY: */s/Michael C. Gordon*
Michael C. Gordon, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 11, 2018, I electronically filed the foregoing document

on all counsel of record or pro se parties identified on the Service List below in the manner

specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some

other authorized manner for those counsel or parties who are not authorized to electronically

receive Notices of Electronic Filing.

By:  */s/ Michael C. Gordon, Esq.*

**Michael C. Gordon, Esq.**

## SERVICE LIST
## CASE NO. 17-cv-20942-JEM

David L. Perkins, Esq.
HOFFMAN, LARIN & AGNETTI, P.A.
909 N. Miami Beach Blvd., Suite 201
Miami, FL 33162
Telephone:     (305) 653-5555
Facsimile:     (305) 940-0090
pleadings@hlalaw.com
davidp@hlalaw.com
*Attorneys for Plaintiff*

John B. Agnetti, Esq.
HOFFMAN, LARIN & AGNETTI, P.A.
909 N. Miami Beach Blvd., Suite 201
Miami, FL 33162

Geoffrey E. Probst, Esq.
gprobst@ncl.com
Norwegian Cruise Line
7665 Corporate Center Drive
Miami, FL 33126
Phone: 305-436-4377, Fax: 305-468-2132
*Attorney for Defendant*

Jeffrey E. Foreman, Esq.
jforeman@fflegal.com
Michael C. Gordon, Esq.
mgodron@fflegal.com
Jonathan Hernandez, Esq.
jhernandez@fflegal.com

11

Telephone:      (305) 653-5555
Facsimile:      (305) 940-0090
pleadings@hlalaw.com
john@hlalaw.com
*Attorneys for Plaintiff*

Foreman Friedman, PA
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Phone:  305-358-6555, Fax:  305-374-9077
*Attorneys for Defendant*