UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 17-cv-20942-JEM

JANE ELIZABETH SNIDER-HANCOX,

     *Plaintiff*,

vs.

NCL (BAHAMAS) LTD,
a Bermuda Company d/b/a
NORWEGIAN CRUISE LINES,

     *Defendant*.

_____/

## PLAINTIFF'S MOTION IN LIMINE AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, JANE ELIZABETH SNIDER-HANCOX, hereby files her Motion in Limine and incorporated Memorandum of Law and states:

1.    **Income Tax Returns[1]:** Defendant should not be permitted to impeach Plaintiff with the statement in her tax returns that she was unemployed in her 2013 through 2016 tax returns. First, the evidence is irrelevant and unduly prejudicial. *F.R.E. 401, 402 AND 403.* Plaintiff has advised the defendant in orally and writing that she has waived her claim for lost wages and lost earning capacity. Second, plaintiff was not an "employee" employed by an employer and getting wages, but rather assisted in a business operated by her husband as a self-proprietorship and the profits were used to pay the family bills. (M. Hancox: pgs. 50 /19 – 52/20). This is improper impeachment and it concerns an irrelevant and a collateral matter.

2.    **Prior eviction Case:** Defendant should not be permitted to impeach Plaintiff with the fact that she was sued in 2017 along with her husband in an eviction matter in Monroe county. The evidence is irrelevant and unduly prejudicial. *F.R.E. 401, 402 AND 403*. An interrogatory answer indicated that Plaintiff had not filed any other personal injury suits but had brought a

---

[1] This issue and the one in paragraph 2 were just raised at the hearing on Defendant's second motion for sanctions.

1

BP claim. The answer served in late June of 2017 did not mention the eviction case which was filed on 6/1/17 and closed by an agreed order on 6/28/17. The BP claim was already excluded by agreement in connection with plaintiff's first motion in limine. This is improper impeachment since it concerns an irrelevant and a collateral matter.

**3.  The Photograph and cell phone discovery issues:**  Evidence of and reference to the cell phone and photos discovery issues preceding this trial should be excluded as irrelevant and unduly prejudicial. *F.R.E. 401, 402 AND 403.*  For the reasons, set forth in Plaintiff's Response to Defendant's Second Motion for Sanctions (d.e.135), Plaintiff objects to a spoliation charge. Therefore, the underlying facts which have been developed in discovery concerning the phone and photos should also be excluded as irrelevant and unduly prejudicial. Even if a spoliation charge, much of this evidence, remains irrelevant and unduly prejudicial.

WHEREFORE, plaintiff respectfully requests that the court grant Plaintiff's Motion in Limine.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 30, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.*

Respectfully Submitted,

**HOFFMAN, LARIN & AGNETTI, P.A.**

909 North Miami Beach Blvd., Suite 201

Miami, FL 33162

(305) 653-5555 Phone; (305) 940-0090 Fax

*/s/ David L. Perkins, Esq.*

_____

John B. Agnetti, Esq.

Florida No. 359841

David L. Perkins, Esq. Florida No. 264911

Pleadings@hlalaw.com

3