UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION
CASE NO.: 17-cv-20942-JEM

JANE ELIZABETH SNIDER-HANCOX,

     *Plaintiff,*

v.

NCL (BAHAMAS) LTD.,
a Bermuda Company d/b/a
NORWEGIAN CRUISE LINE,

     *Defendant.*

_____/

### **JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

     Plaintiff, JANE ELIZABETH SNIDER-HANCOX, and Defendant, NCL (BAHAMAS)

LTD., d/b/A NORWEGIAN CRUISE LINE, hereby jointly submit their Proposed Jury

Instructions and Verdict Form pursuant to the Court's Order [D.E. 109].

Dated: December 5, 2018 Miami, Florida

                    Respectfully submitted,

                    BY: */s/ John Agnetti*
                    John Agnetti, Esq.
                    john@hlalaw.com
                    pleadings@hlalaw.com
                    Hoffman, Larin & Agnetti, P.A.
                    909 N. Miami Beach Blvd., Suite 201
                    Miami, FL 33162
                    Telephone:    (305) 653-5555
                    Facsimile:    (305) 940-0090
                    *Attorney for Plaintiff*

                    Respectfully submitted,

                    BY: */s/ Michael C. Gordon*
                    **Michael C. Gordon, Esq.**
                    FL Bar No.: 0149284

mgordon@fflegal.com
FOREMAN FRIEDMAN, P.A.
One Biscayne Tower, Suite 2300
2 South Biscayne Blvd
Miami, FL 33131
Phone: 305-358-6555
Fax: 305-374-9077
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 5, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

BY:  /s/*Michael C. Gordon*
Michael C. Gordon, Esq.

## SERVICE LIST

David L. Perkins, Esq.
HOFFMAN, LARIN & AGNETTI, P.A.
909 N. Miami Beach Blvd., Suite 201
Miami, FL 33162
Telephone:   (305) 653-5555
Facsimile:   (305) 940-0090
pleadings@hlalaw.com
davidp@hlalaw.com
Attorneys for Plaintiff

John B. Agnetti, Esq.
HOFFMAN, LARIN & AGNETTI, P.A.
909 N. Miami Beach Blvd., Suite 201
Miami, FL 33162
Telephone:   (305) 653-5555
Facsimile:   (305) 940-0090

Geoffrey E. Probst, Esq.
gprobst@ncl.com
Norwegian Cruise Line
7665 Corporate Center Drive
Miami, FL 33126
Phone: 305-436-4377, Fax: 305-468-2132
Attorney for Defendant

Jeffrey E. Foreman, Esq.
jforeman@fflegal.com
Michael C. Gordon, Esq.
mgodron@fflegal.com
Jonathan Hernandez, Esq.
jhernandez@fflegal.com
Foreman Friedman, PA
One Biscayne Tower, Suite 2300

pleadings@hlalaw.com
john@hlalaw.com
Attorneys for Plaintiff

2 South Biscayne Boulevard
Miami, FL  33131
Phone:  305-358-6555, Fax:  305-374-9077
Attorneys for Defendant
Geoffrey E. Probst, Esq.
gprobst@ncl.com
Norwegian Cruise Line
7665 Corporate Center Drive
Miami, FL 33126
Phone: 305-436-4377, Fax: 305-468-2132
Attorney for Defendant

# JURY INSTRUCTION NO. 1
## General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms.  It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph.  It can be someone's opinion.

Some evidence may prove a fact indirectly.  Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas.  This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect.  You may choose to believe or disbelieve either kind.  Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence.  In their opening statements and closing arguments, the lawyers will discuss the case.  Their remarks may help you follow each side's arguments and presentation of evidence.

But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

These are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no others.

<u>Credibility of witnesses:</u>

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case:</u>

This is a civil case.  To help you follow the evidence, I'll summarize the parties' positions:

Plaintiff's description:

*Jane Snider-Hancox claims that on May 9, 2016, she slipped and fell on the Norwegian Sky. Ms. Snider-Hancox claims that the incident and her injuries and damages were caused by Norwegian's negligence. Norwegian denies these claims and that any action or inaction on its part caused Ms. Snider-Hancox's alleged damages. Norwegian also asserts that it did not have notice of a dangerous condition in the area where Ms. Snider-Hancox claims to have fallen, and that the claimed dangerous condition was open and obvious. Ms. Snider-Hancox claims that Norwegian knew or should have known of the dangerous condition and denies that the dangerous condition was open and obvious.[1]*

Norwegian's description:

**On May 9, 2016,  Plaintiff was a passenger on the Norwegian *Sky* who alleges that she slipped and fell on an unidentifiable "sticky liquid" while walking near the Champs Bar on Deck 12 aboard the vessel. Norwegian denies responsibility for this incident, which was never**

---

[1] *Based on the parties joint stipulation.*

**reported. Norwegian contends that the substance Plaintiff allegedly stepped on was not a dangerous condition and was open and obvious and should have been observed by the Plaintiff through the ordinary use of her senses. Norwegian further contends that it did not have any knowledge of the presence of the alleged substance which is alleged to have caused Plaintiff to fall. No action or inaction by Norwegian was the cause of Plaintiff's alleged injuries or damages.**

Burden of proof

Jane Snider-Hancox has the burden of proving her case by what the law calls a "preponderance of the evidence." That means Jane Snider-Hancox must prove that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring Jane Snider-Hancox and the evidence favoring Norwegian on opposite sides of balancing scales, Jane Snider-Hancox needs to make the scales tip to his side. If Jane Snider-Hancox fails to meet this burden, you must find in favor of Norwegian.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Norwegian has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts that Norwegian must prove for any affirmative defense. After considering all the evidence, if you decide that Norwegian has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, My Space, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes:</u>

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

<u>Course of the trial:</u>

Let's walk through the trial.  First, each side may make an opening statement, but they don't have to.  Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Jane Snider-Hancox will present her witnesses and ask them questions.  After she questions the witness, Norwegian may ask the witness questions – this is called "cross-examining" the witness.  Then Norwegian will present their witnesses, and Jane Snider-Hancox may cross-examine them.  You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

Then you'll then go to the jury room to deliberate.

***Authorities***:  **Eleventh Circuit Pattern Jury Instruction – Preliminary Instructions 1.1**

GRANTED  _____
DENIED       _____

## <u>JURY INSTRUCTION NO. 2</u>

### Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning.  Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions.  If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence.  Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case.  If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness.  I may modify the form or phrasing of a question so that it's allowed under the evidence rules.  Sometimes, I may not allow the questions to be read to the witness, because the law does not allow it or because another witness is in a better position to answer the question.  If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing.  Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions.  If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness.  You must keep an open mind until

you've heard all the evidence, the closing arguments, and my final instructions on the law.

***Authorities*:** **Eleventh Circuit Pattern Jury Instruction - Preliminary**

**Instructions 1.4**

GRANTED _____

DENIED       _____

## JURY INSTRUCTION NO. 3

### Interim Statements

At times during the trial, the lawyers will address you.  You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented.  These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be.  They are not evidence themselves.

***Authorities*: Eleventh Circuit Pattern Jury Instruction - Preliminary Instructions 1.5**

GRANTED _____

DENIED    _____

## JURY INSTRUCTION NO. 4

### Stipulations

Sometimes the parties have agreed that certain facts are true.   This agreement is called a stipulation. You must treat these facts as proved for this case.

***Authorities*:** **Eleventh Circuit Pattern Jury Instruction - Trial Instructions 2.1**

GRANTED _____

DENIED   _____

## <u>JURY INSTRUCTION NO. 5</u>

### Use of Depositions

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions.  A court reporter is present and records the questions and answers.

The deposition of **[name of witness]**, taken on **[date]**, **[is about to be/has been]** presented to you [by a video/by reading the transcript].  Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

***<u>Authorities</u>:*** **Eleventh Circuit Pattern Jury Instruction - Trial Instructions 2.2**

GRANTED _____

DENIED    _____

## JURY INSTRUCTION NO. 6

### Judicial Notice

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice."  I've accepted **[state the fact that the court has judicially noticed]** as proved even though no one introduced evidence to prove it.   You must accept it as true for this case.

**_Authorities_: Eleventh Circuit Pattern Jury Instruction - Trial Instructions 2.5**

GRANTED  _____

DENIED     _____

## <u>JURY INSTRUCTION NO. 7</u>

### Use of Interrogatories

**[You'll now hear/You've heard]** answers that **[name of party]** gave in response to written questions the other side submitted.   The questions are called "interrogatories."   Before the trial, **[name of party]** gave the answers in writing while under oath.

You must consider **[name of party]**'s answers as though **[name of party]** gave the answers on the witness stand.

***Authorities*:** Eleventh Circuit Pattern Jury Instruction - Trial Instructions 2.6

GRANTED _____

DENIED     _____

## JURY INSTRUCTION NO. 8

**Introduction**

COURT'S INSTRUCTIONS
TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

*Authorities:* **Eleventh Circuit Pattern Jury Instruction - Trial Instructions 3.1**

GRANTED _____

DENIED _____

## JURY INSTRUCTION NO. 9

### The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole.  You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way.  A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

*Authorities:* **Eleventh Circuit Pattern Jury Instruction - Trial Instructions 3.2.2**

GRANTED _____

DENIED      _____

## JURY INSTRUCTION NO. 10

**Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There's no legal difference in the weight you may give to either direct or circumstantial evidence.

***Authorities*__: **Eleventh Circuit Pattern Jury Instruction - Trial Instructions 3.3**

GRANTED _____

DENIED      _____

## JURY INSTRUCTION NO. 11

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

***Authorities***: **Eleventh Circuit Pattern Jury Instruction - Trial Instructions 3.4**

GRANTED _____

DENIED      _____

## <u>JURY INSTRUCTION NO. 12</u>

### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

***Authorities*: Eleventh Circuit Pattern Jury Instruction - Trial Instructions 3.5.1**

GRANTED _____

DENIED      _____

## <u>JURY INSTRUCTION NO. 13</u>

### Expert Witnesses

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

*<u>Authorities</u>:* **Eleventh Circuit Pattern Jury Instruction - Trial Instructions 3.6.1**

GRANTED _____

DENIED _____

## JURY INSTRUCTION NO. 14

### Expert Witness – When Expert Fees Represent a Significant Portion of a Witness's Income

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion.  As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness whose court testimony is given with regularity and represents a significant portion of the witness's income.

*Authorities:* **Eleventh Circuit Pattern Jury Instruction - Trial Instructions 3.6.2**

GRANTED _____

DENIED     _____

## JURY INSTRUCTION NO. 15

**Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence**

In this case it is the responsibility of Jane Snider-Hancox to prove every essential part of her claims by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Jane Snider-Hancox' claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Jane Snider-Hancox.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claims by a preponderance of the evidence, you should find for Norwegian as to that claim.

*__Authorities:__ Eleventh Circuit Pattern Jury Instruction - Trial Instructions 3.7.1*

GRANTED _____

DENIED      _____

## JURY INSTRUCTION NO. 16

### Negligence

In this case the Jane Snider-Hancox, claims that Norwegian was negligent and that such negligence was a legal cause of damage sustained by her.

In order to prevail on each of these claims, Jane Snider-Hancox must prove both of the following facts by a preponderance of the evidence:

First: That Norwegian was "negligent" and

Second: That such negligence was a "legal cause" of damage sustained by Jane Snider-Hancox.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

"Negligence" is the failure to use reasonable care under the circumstances.

Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.

Negligence is a "legal cause'" of damage if it directly and in natural and continuous sequence produces, or contributes substantially to producing such damage, so it can reasonably be said that, except for the negligence, the loss, injury or damage would not have occurred. Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.

If a preponderance of the evidence does not support Jane Snider-Hancox's claim, then your verdict should be for Norwegian. If, however, a preponderance of the evidence does support Jane Snider-Hancox's claim, you will then consider the defenses raised by Norwegian.

**Authorities:** *Florida Standard Civil Instruction 401.4 and Florida Standard Jury Instruction 401.12a, and 12b (modified). Kermarac v. Campagnie Generale Transntlantique, 358 U.S. 625, 630 (1959); Keefe v. Bahama Cruise Line, Inc., 867 F.2d 1318, 1322 (11th Cir. 1989); see also Luby v. Carnival Cruise Lines, Inc., 633 F. Supp. 40, 41 n.1 (S.D. Fla. 1986).*

GRANTED _____

DENIED      _____

## JURY INSTRUCTION NO. 17

### Duty of Care

Under the law, a shipowner is not an insurer of the safety of its passengers. A shipowner has a duty to exercise reasonable care under the circumstances and this is a standard which requires, as a prerequisite to imposing liability, that it had actual or constructive notice of the risk creating condition. The mere fact that an accident **occurs (Defendant's requested language)** *occurred (Plaintiff's requested language)* does not give rise to a presumption **that the circumstances of the alleged accident constituted** a dangerous condition.[2] Additionally, the mere fact that one slips and falls on a floor does not constitute evidence of negligence, nor does the fact that a floor was slick make the owner liable.

**Authorities:** *Luther v. Carnival Corporation*, 99 F. Supp. 3d 1368, 1371 (S.D. Fla. 2015); *Wish v. MSC Crociere S.A.*, 2008 WL 5137149, at *3 (S.D. Fla. 2008); *Luby v. Carnival Cruise Lines,* 633 F. Supp. 40 (S.D. Fla. 1986); *Bird v. Celebrity Cruise Line, Inc.*, 428 F. Supp. 2d *1275* (S.D. Fla. 2005). *Keefe v. Bahamas Cruise Line, Inc.*, 867 F. 2d 1318, 1990 AMC 46 (11th Cir. 1989); *Everett v. Carnival Cruise Lines,* 912 F.2d 1355, 1358-1359 (11th Cir. 1990); *Harnesk v. Carnival Cruise Line, Inc.*, 1992 AMC 1472, 1477-1478 (S.D. Fla. 1991); *Reinhardt v. Royal Caribbean Cruises*, Ltd., 2013 U.S. Dist. LEXIS 186289, 13-14 (S.D. Fla. 2013); *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006); *Long v. Celebrity Cruises, Inc.*, No. 12-22807-CV, 982 F. Supp. 2d 1313, 2013 U.S. Dist. LEXIS 164035, 2013 WL 6043918, at *3-4 (S.D. Fla. 2013); *Frasca v. NCL (Bah.) LTD.*, 2014 U.S. Dist. LEXIS 49060, 23 (S.D. Fla. 2014); *Pizzino v. NCL (Bah.) Ltd.,* 709 F. App'x 563 (11th Cir. 2017).

GRANTED _____

DENIED _____

_____

[2] See *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006) (case cited to by Plaintiff)

## JURY INSTRUCTION NO. 18

### Notice

A duty to exercise reasonable care under the circumstances arises only where the carrier has actual or constructive notice of the risk creating condition. "Actual notice" is knowledge or information given directly to or received personally by a party. "Constructive notice" is notice presumed to have been acquired by a party based upon the existing facts and circumstances. **The mere fact that an accident occurs does not give rise to a presumption that the circumstances of the alleged accident constituted a dangerous condition or that the floor was unusually, extremely, or unreasonably slippery.** [3]

**_Authorities_**: *Luther v. Carnival Corporation*, 99 F. Supp. 3d 1368, 1371 (S.D. Fla. 2015);*Young v. Carnival Corp.*, 2011 U.S. Dist. LEXIS 10899 *10 (S.D. Fla. 2011); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1322 (11th Cir. 1989); *Everett v. Carnival Cruise Lines,* 912 F.2d 1355, 1358-1359 (11th Cir. 1990);   Black's Law Dictionary 493 (3d pocket ed.); *Reinhardt v. Royal Caribbean Cruises, Ltd*., 2013 U.S. Dist. LEXIS 186289, 13- 4 (S.D. Fla. 2013); *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006); *Long v. Celebrity Cruises, Inc.,* No. 12-22807-CV, 982 F. Supp. 2d 1313, 2013 U.S. Dist. LEXIS 164035, 2013 WL 6043918, at *3-4 (S.D. Fla. 2013); *Frasca v. NCL (Bah.) LTD.,* 2014 U.S. Dist. LEXIS 49060, 23 (S.D. Fla. 2014); *Pizzino v. NCL (Bah.) Ltd.,* 709 F. App'x 563 (11th Cir. 2017).

GRANTED _____

DENIED      _____

_____

[3] *Plaintiff contends that this last sentence should be omitted since it duplicates prior charge and also is not relevant to the notice issue.*

## JURY INSTRUCTION NO. 19

### *CIRCUMSTANTIAL EVIDENCE OF NOTICE*

You may find that Norwegian had constructive notice of a dangerous condition if there is any evidence, even if it is circumstantial, that the dangerous condition existed for such    a length of time that in the exercise of ordinary care, Norwegian should have known of it. Such evidence may consist of, for example, dirt, tracks, shoe prints or footprints in or around the condition that caused the slip and fall.

ANNOTATION: *Monteleone v. Bahama Cruise Line, Inc., 838 F.2d 63, 65 (2d Cir. 1988); Erickson v. Carnival, 649 So2d 942 (Fla. 3rd DCA 1995); Grayson v. Carnival Cruise Lines, Inc., 576 So. 2d 417 (Fla. 3d DCA 1991); Cf. Aponte v. Royal Caribbean Cruises, Ltd., 207 F. Supp. 3d 1316, 1319 (S.D. Fla. 2016); Thomas v. NCL (Bahamas), Ltd., 203 F. Supp. 3d 1189, 1192-93 (S.D. Fla. 2016). Also see Sagona v. Ross Dress for Less, Inc., No. 16-21240-CIV, 2017 U.S. Dist. LEXIS 6084, 2017 WL 213063, at \*2 (S.D. Fla. Jan. 17, 2017) (coffee was dirty, residue was spread around and there were footprints); Barillas v. Wal-Mart Stores, Inc., No. 14-CIV-62821, 2015 U.S. Dist. LEXIS 189634, 2015 WL 11143345, at \*2 (S.D. Fla. Dec. 1, 2015) (substance appeared slightly dried and had cart marks going through it); Rapp v. Hess Retail Operations, LLC, No. 8:14-CV-2289-MSS-TGW, 2015 U.S. Dist. LEXIS 183351, 2015 WL 12765536, at \*2 (M.D. Fla. Nov. 4, 2015) (blue PowerAde turned dark brown and was the consistency of syrup at the time of the fall);  Garcia v. Target Corp., No. 13-cv-60308, 2014 U.S. Dist. LEXIS 15572, 2014 WL 505151, at \*3 (S.D. Fla. Feb. 7, 2014) (footprints in*

*water precluded summary judgment on defendant store's notice of a puddle); Castellanos v.*

*Target Corp., No. 10-62456-CIV, 2011 U.S. Dist. LEXIS 119092, 2011 WL 5178334, at \*4-5*

*(S.D. Fla. Oct. 14, 2011) (track marks in the transitory substance not made by plaintiff).*

**Defendant's objection: See Defendant's Reply in Support of Motion for Summary Judgment [D.E. 42] which is incorporated herein. This instruction also misstates the law, improperly comments on the evidence, and is argumentative.**

GRANTED_____

DENIED_____

## JURY INSTRUCTION NO. 20

### Open and Obvious

There is no duty to warn of conditions which are open and obvious to a reasonable person through the ordinary use of his or her senses. Open and obvious conditions are those that should be obvious by the ordinary use of one's senses.

*A shipowner's duty to warn extends only to those dangers not apparent and obvious to a reasonable person through the ordinary use of his senses.*

**Authorities:** *See Malley v. Royal Caribbean Cruises Ltd,* **713 F. App'x 905, 907-908 (11th Cir. 2017)***; John Morrell & Co. v. Royal Caribbean Cruises, Ltd.,* **534 F. Supp. 2d 1345, 1351-53 (S.D. Fla. 2008);** *Smith v. Royal Caribbean Cruises,* **Ltd., 620 F. App'x 727, 730 (11th Cir. 2015)***; Luby v. Carnival Cruise Lines, Inc.,* **633 F. Supp. 40, 42, n. 1 (1986);** *Cohen v. Carnival Corp.,* **945 F. Supp. 2d 1351, 1357 (2013);** *Taiariol v. MSC Crociere, S.A.,* **2016 U.S. Dist. LEXIS 48966, \*6-8 (S.D. Fla. April 12, 2016);** *Smith v. Norwegian Cruises, Ltd.,* **620 F. App'x 727, 730 (11th Cir. 2015);** *Lugo v. Carnival Corp.,* **154 F.Supp.3d 1341, 1345-46 (S.D. Fla. 2015) (quoting** *Lancaster v. Carnival Corp.,* **85 F. Supp. 3d 1341, 1344 (S.D. Fla. 2015).**

*See also Isbell v. Carnival Corp., 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006);*

GRANTED _____

DENIED _____

## *JURY INSTRUCTION 20(A)*
### *WHETHER A LIQUID SUBSTANCE IS OPEN, OBVIOUS AND APPARENT*

Just because a liquid substance is visible and observable after an accident does not necessarily mean that is apparent to a reasonable person.  You should consider the  all of the circumstances in making your determination on this issue.

For example, you should consider whether a condition that is flat on the ground made the condition difficult or impossible to see.  You should consider the nature of the area where the condition existed and whether an unusual condition such as a slippery substance in an otherwise safe area may not have been open and obvious.

In other words, you should determine whether the condition was conspicuous to the naked eye and whether the circumstances would indicate that the activities within the area would create an open and obvious dangerous condition that should have put Plaintiff on alert of a potential unsafe condition.

Finally, even if you find that the condition  was open and obvious, it's slippery nature may still not have been apparent.  You must determine whether a reasonable person, through the ordinary use of her senses, would have both observed and appreciated a liquid substance and also appreciated its slippery nature.  If you cannot make that determination,. then you must find against Norwegian on this defense.

### *Authorities:*

*Carroll v. Carnival Corp.*, No. 16-20829-CIV, 20 17 WL 4324818 at *5 (S.D. Fla. July 12, 2017)(Martinez J.); *Meredith v. Carnival Corp.*, 49 F. Supp. 3d 1090, 1095 (S.D. Fla. 2014); *Aponte v.Royal Carribean Cruise Lines Ltd.*, No. 16-16580, 2018 U.S. App. LEXIS 16855, 2018 WL 3083730, at *4 (11th Cir. June 22, 2018); *Bonilla v. Seven Seas Cruises S. De R.L., LLC*, 38

*F. Supp. 3d 1340 (S.D. Fla. 2014); Frasca v. NCL (Bahamas), LTD.,654 F. App'x 949, 952-53 (11th Cir. 2016).*

**Defendant's objection: This instruction misstates the law, improperly comments on the evidence, and is argumentative.[4]**

GRANTED  _____

DENIED      _____

---

[4] Plaintiff did not provide this proposed instruction to Norwegian until September 26, 2018 at 11:13 pm. Norwegian reserves the right to supplement its objection to this instruction accordingly.

## <u>JURY INSTRUCTION NO. 21</u>

### Legal Cause

Negligence is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the negligence, the loss, injury or damage would not have occurred.

*Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.*

<u>Authorities</u>: Florida Standard Jury Instruction 401.12a *and12b*

**Defendant's objection: There is no evidence that some other cause contributed to the alleged incident at the same time the incident allegedly occurred.**

GRANTED _____

DENIED       _____

## <u>JURY INSTUCTION NO. 22</u>

### SUPERSEDING/INTERVENING CAUSE

Where the injury is caused by the intervention of an independent efficient cause to which the defendant did not contribute and he is not responsible, or is caused by the act or omission of the plaintiff, the negligence of the defendant is not the proximate cause of the injury. If the plaintiff contributes proximately to causing the injury, she cannot recover.

**Authority*: Worthington v. United States*, 21 F.3d 39 (11th Cir. 1994); *Jaffe v. Bank of America, N.A.*, 667 F. Supp. 2d 1299, 1320 (S.D.Fla. 2009); *In re Flagship Healthcare, Inc.*, 269 B.R. 721, 730 (Bankr. S.D. Fla. 2001); *Valdes v. Miami Herald Pub. Co.,* 782 So. 2d 470, 471 (Fla. Dist. Ct. App. 2001)**

.

*Plaintiff objects to this instruction since there is no evidence of an independent efficient cause.*

GRANTED _____

DENIED _____

## JURY INSTUCTION NO. 23

## VOLUNTARY INTOXICATION

If the Plaintiff was voluntarily under the influence of alcoholic beverages(s) and/or drug(s) and to the extent her normal faculties were impaired, and, as a result of such impairment, Plaintiff was more than 50 percent at fault for her own harm, Plaintiff cannot recover any damages for loss or injury in this action.

**Authority: *Johnson v. Carnival Corp.*, 2007 WL 9624457, at \*4 (S.D. Fla. Dec. 11, 2007); Fla. Stat. Ann. § 768.36 (West)**

*Plaintiff objects to this instruction and refers the Court to Plaintiff's Motion in Limine [D.E. 141] and Plaintiff's Response to Defendant's Second Emergency Motion for Sanctions [D.E. 135].*[5]

GRANTED _____

DENIED _____

---

[5] *Plaintiff reserves the right to further objections as counsel for Plaintiff is currently dealing with an emergency and out of the office.*

## JURY INSTRUCTION NO. 24

### ADVERSE INFERENCE-SPOLIATION OF EVIDENCE

Plaintiff has failed to prevent the destruction of relevant evidence for Norwegian's use in this litigation. This is known as the "spoliation of evidence." In this case, Plaintiff took photographs on her cellular phone while on the cruise that is the subject of this lawsuit. Thereafter, Plaintiff destroyed the cellular phone and as a result of Plaintiff's destruction of the cellular phone you are required to make an inference that there were photographs on Plaintiff's cellular phone which were not produced in this case and which were adverse to Plaintiff's claims. Therefore, you are required to infer that such photographs show that the incident and injuries claimed by Plaintiff did not occur at the time and place and/or in the manner that Plaintiff asserts.

Further you are required to infer that photographs contained on the destroyed cellular phone would have established that Plaintiff was intoxicated at the time that she claims she sustained her injury and that she was more than 50% responsible for injuries she asserts in this matter.

These negative inferences are irrebuttable and therefore must be accepted as fact and no evidence put on by Plaintiff at the trial can contradict them.

Authority: *Austrum v. Fed. Cleaning Contractors, Inc.,* 149 F. Supp. 3d 1343 (S.D. Fla. 2016); *Martino v. Wal-Mart,* 908 So. 2d 342, (Fla. 2005); *Pub. Health Tr. of Dade Cty. v. Valcin,* 507 So. 2d 596, 598 (Fla. 1987); *Golden Yachts, Inc. v. Hall,* 920 So. 2d 777(4th DCA 2006); *Alabama Aircraft Indus., Inc. v. Boeing Co.,* 319 F.R.D. 730, 746 (N.D. Ala. 2017); *Telectron, Inc. v. Overhead Door Corp.,* 116 F.R.D. 107, 133 (S.D. Fla. 1987).

*Plaintiff objects to this instruction and refers the Court to Plaintiff's Motion in Limine [D.E. 141] and Plaintiff's Response to Defendant's Second Emergency Motion for Sanctions [D.E. 135].*[6]

---

[6] *Plaintiff reserves the right to further objections as counsel for Plaintiff is currently dealing with an emergency and out of the office.*

GRANTED _____

DENIED _____

## JURY INSTRUCTION NO. 25

**Responsibility of Proof – Affirmative Defense – Preponderance of the Evidence**

**In this case, the Norwegian asserts the following affirmative defenses:**

1. Plaintiff's own negligence was the sole proximate cause of her injuries and damages and, accordingly, the Plaintiff's claim is barred as a matter of law.

2. Plaintiff's own negligence contributed to the subject accident and her injuries and damages and, accordingly, any award to the Plaintiff must be reduced in proportion to her own comparative negligence.

3. Plaintiff's injuries and damages, if any, were caused solely by the conduct of third persons not subject to the control, direction or supervision of Defendant and for which Defendant cannot be held liable.

4. Defendant had no actual or constructive notice or knowledge of the alleged unreasonably dangerous condition.

5. Defendant did not create the allegedly dangerous condition.

6. The Plaintiff's claims are barred because there was no unreasonably dangerous or hazardous condition that caused her alleged injuries.

7. The Plaintiff's claims are barred inasmuch as the Plaintiff knew of the existence of any alleged danger complained of in the Complaint, realized and appreciated the possibility of injury as a result of the danger and, having a reasonable opportunity to avoid it, voluntarily exposed herself to the danger.

8. The allegedly dangerous condition was apparent, open and obvious and should have been observed by the Plaintiff in the ordinary course of her senses, barring any recovery by the Plaintiff.

9. The incident and injuries alleged by the Plaintiff, if any, were the result of superseding, intervening, and/or unforeseeable causes from which the Defendant had no duty to protect the Plaintiff.

10. Defendant fully discharged its duty to the Plaintiff by warning her of any dangers and/or unique conditions of the vessel.

11. **This action is governed by and subject to the terms, limitations, and conditions contained within the contract for passage.**

12. **Plaintiff's voluntary intoxication contributed to, or was the sole proximate cause of, her alleged incident and injury and, accordingly, any award to the Plaintiff must be reduced in proportion to her own comparative negligence.**

Even if Jane Snider-Hancox proves her claim[s] by a preponderance of the evidence, Norwegian can prevail or reduce the damages awarded in this case if it proves an affirmative defense by a preponderance of the evidence.

**[When more than one affirmative defense is involved, you should consider each one separately.]**

I caution you that the Norwegian does not have to disprove Jane Snider-Hancox's claim[s], but if Norwegian raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

Norwegian contends that Jane Snider-Hancox was negligent and that such negligence was a legal cause of her own injury. This is a defensive claim and the burden of proving that claim, by a preponderance of the evidence, is upon Norwegian who must establish:

First:          That Jane Snider-Hancox was "negligent;" and

Second:     That such negligence was a "legal cause' of Jane Snider-Hancox' own **damages [or]** *injury.*

**[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]**

If a preponderance of the evidence does not support Norwegian's claims, then your verdict should be for Jane Snider-Hancox. If, however, a preponderance of the evidence does support Norwegian's claim, you should decide and write on the verdict form what percentage of the total negligence of each party to this action was caused by each of them.

***Authorities*: Eleventh Circuit Pattern Jury Instructions (2013), 3.7.2 Responsibility for Proof – Affirmative Defense Preponderance of the Evidence; *Luby v. Carnival Cruise Lines*, 633 F. Supp. 40 (S.D. Fla. 1986); *Bird v. Celebrity Cruise Line, Inc.*, 428 F. Supp. 2d 1275 (S.D. Fla. 2005); *Keefe v. Bahamas Cruise Line, Inc.*, 867 F. 2d 1318, 1990 AMC 46 (11 Cir. 1989); *Harnesk v. Carnival Cruise Line, Inc.*, 1992 AMC 1472, 1477-1478 (S.D. Fla. 1991); *Young v. Carnival Corp.*, 2011 U.S. Dist. LEXIS 10899 \*10 (S.D. Fla. 2011); *Hesterly v. Royal Caribbean Cruises Ltd.*, 515 F. Supp. 2d 1278 (S.D. Fla. 2007); *Mercer v. Carnival Corp.*, 2009 AMC 802 \*7 (S.D. Fla. 2009); *John Morrell & Co. v. Royal Caribbean Cruises, Ltd.*, 534 F. Supp. 2d 1345, 1349 (S.D. Fla. 2008); *Corby v. Kloster Cruise Limited*, 1990 U.S. Dist LEXIS 13675 \*4 (N.D. Cal. 1990); *Black's Law Dictionary*, 128 (3d pocket ed.).**

*Plaintiff's Objection:*

*1. Defendant has created a laundry list of defenses from its answer. However, the remainder of the charge deals only with one affirmative defense, comparative negligence.  That is the  only affirmative defense which should be included in this charge.*

*2.  #1, 2 and 7 of the list are covered by the comparative instruction.*

*3.  There is no proof for #3. 9, 11 and 12.*

*4.  #4,  5, 6  10 are mere denials.*

*5.#8 is fully covered in earlier charges.*

GRANTED _____

DENIED      _____

## JURY INSTRUCTION NO. 26

### Compensatory Damages

If you find for Norwegian, you will not consider the matter of damages. But if you find for Jane Snider-Hancox, you should award her an amount of money that the greater weight of the evidence shows will fairly and adequately compensate her for her injury *including any damages that Jane Snider-Hancox is reasonably certain to incur or experience in the future* **as the greater weight of the evidence shows was caused by the behavior.**

**In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Norwegian. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.**

**On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury — tangible and intangible. Thus, no evidence of the value of such intangible things as pain and suffering has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.**

You shall consider the following elements **of damage, to the extent you find them proved by a preponderance of the evidence, and no others:**

(a)   **Medical and hospital expenses, past and future**
(b)   **Mental or physical pain and anguish, past and future**

**You are instructed that any person who claims damages as a result of**

**an alleged wrongful act on the part of another has a duty under the law to**

**"mitigate" those damages — that is, to take advantage of any reasonable**

**opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.**

*Any bodily injury sustained by Jane Snider-Hancox and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, or, loss of capacity for the enjoyment of life, experienced in the past, or to be experienced in the future.*

*The reasonable value or expense of hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by the Jane Snider-Hancox in the past or to be so obtained in the future.*

*Any earnings lost in the past and any loss of ability to earn money in the future.*

<u>**Authorities**</u>: **Florida Pattern Jury Instructions § 501.1 and § 501.2**

*Plaintiff did not identify the source of her proposed jury instructions.*

GRANTED  _____

DENIED      _____

## <u>JURY INSTRUCTION NO. 27</u>

**Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

***<u>Authorities:</u>*** **Eleventh Circuit Pattern Jury Instruction - Trial Instructions 3.8.1**

GRANTED _____

DENIED        _____

## JURY INSTRUCTION NO. 28

*MORTALITY TABLES*

*If the greater weight of the evidence shows that (claimant) has been permanently injured, you may consider [his] [her] life expectancy. The mortality tables received in evidence may be considered in determining how long (claimant) may be expected to live. Mortality tables are not binding on you but may be considered together with other evidence in the case bearing on (claimant's) health, age and physical condition, before and after the injury, in determining the probable length of [his] [her] life.*

*Fla Std Jury charge 501.6*

**Defendant's objection: Plaintiff did not properly disclose an expert opinion regarding any alleged permanent injuries or causation as to same.   See Defendant's Omnibus Motion in Limine [D.E. 44] and corresponding Reply D.E. 61] which is incorporated herein.**

GRANTED_____

DENIED_____

## <u>JURY INSTRUCTION NO. 29</u>

*COLLATERAL SOURCE RULE*

*You should not reduce the amount of compensation to which (claimant) is otherwise entitled on account of [wages] [medical insurance payments] [or other benefits (specify)] which the evidence shows (claimant) received from [his] [her] [employer] [insurance company] [or some other source]. The court will reduce as necessary the amount of compensation to which (claimant) is entitled on account of any such payments*

*Fla Std Jury charge 501.8*

**Defendant's objection: See Defendant's Omnibus Motion in Limine [D.E. 44] and corresponding Reply [D.E. 61] which is incorporated herein.**

GRANTED_____

DENIED_____

## JURY INSTRUCTION NO. 30

### Sympathy and Prejudice

*In reaching your verdict, do not let bias, sympathy, prejudice, opinion, or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you*

**In reaching your verdict[s], you are not to be swayed from the performance of your duty by prejudice, sympathy or any other sentiment for or against any party. Your verdict[s] must be based on the evidence that has been received and the law on which I have instructed you.**

*Authorities***: Florida Pattern Instruction, 7.1**

*Plaintiff's authorities: Standard Charge 700*

GRANTED _____

DENIED      _____

## <u>JURY INSTRUCTION NO. 31</u>

### Election of Foreperson Explanation of Verdict Form[s]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**<u>Authorities:</u> Eleventh Circuit Pattern Jury Instruction - Trial Instructions 3.9**

GRANTED _____

DENIED     _____

## JURY INSTRUCTION NO. 32

### Civil *Allen* Charge

Members of the jury:

I'm going to ask you to continue your deliberations to reach a verdict. Please consider the following comments.

This is an important case. The trial has been expensive in terms of time, effort, money, and emotional strain to both the plaintiff and the defendant. If you fail to agree on a verdict, the case remains open and may have to be tried again. A second trial would be costly to both sides, and there's no reason to believe either side can try it again better or more exhaustively than they have tried it before you.

Any future jury would be selected in the same manner and from the same source as you. There's no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it – or that either side could produce more or clearer evidence.

It's your duty to consult with one another and to deliberate with a view to reaching an agreement – if you can do it without violating your individual judgment. You must not give up your honest beliefs about the evidence's weight or effect solely because of other jurors' opinions or just to return a verdict. You must each decide the case for yourself – but only after you consider the evidence with your fellow jurors.

You shouldn't hesitate to reexamine your own views and change your opinion if you become convinced it's wrong. To bring your minds to a unanimous result, you must openly and frankly examine the questions submitted to you with proper regard for the opinions of others and with a willingness to reexamine your own views.

If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable. It may not be reasonable since it makes so little impression on the

minds of your fellow jurors – who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in light of the court's instructions on the law. You may take all the time that you need.

I remind you that in your deliberations, you are to consider the court's instructions as a whole. You shouldn't single out any part of any instructions including this one, and ignore others.

You may now return to the jury room and continue your deliberations.

<u>Authorities</u>: Eleventh Circuit Civil Pattern Jury Instruction 2.8

GRANTED _____

DENIED    _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 17-cv-20942-JEM

JANE ELIZABETH SNIDER-HANCOX,

     *Plaintiff,*

v.

NCL (BAHAMAS) LTD.,
a Bermuda Company d/b/a
NORWEGIAN CRUISE LINE,

     *Defendant.*

_____/

## **PROPOSED VERDICT FORM**

WE THE JURY return the following verdict:

1.  Was the Defendant NCL (BAHAMAS) LTD. negligent in the manner claimed by the Plaintiff, Jane Elizabeth Snider-Hancox, and, if so, was that negligence a legal cause of damage to the Plaintiff?

     Yes _____          No_____

     **If you answered "No" to Question 1, your verdict is for the Defendant, and you need only sign the verdict form and return it to the courtroom. However, if you answered "Yes" to Question 1, please answer Question 2. (Defendant's proposed language)**

     IF **(AND ONLY IF)** YOU ANSWERED "YES" TO QUESTION 1, answer QUESTION 2: *If you answered "No to Question 1, your verdict is for the Defendant, and you need only sign the verdict and return it to the courtroom. (Plaintiff's proposed language)*

2.  Was the Plaintiff, Jane Elizabeth Snider-Hancox, also negligent in the manner claimed by the Defendant NCL (BAHAMAS) LTD. and, if so, was that negligence a legal cause of the Plaintiff's own damage?

     Yes_____          No_____

IF (AND ONLY IF) YOU ANSWERED "YES" TO QUESTION 2, answer QUESTION 3 (otherwise, skip to QUESTION 4)

3. If you answered "Yes" to Question 2, what proportion or percentage of the Plaintiff's damage do you find from a preponderance of the evidence to have been legally caused by the negligence of the respective parties?

**Answer in Terms of Percentages:**

JANE ELIZABETH SNIDER-HANCOX:     _____ %

NCL (BAHAMAS) LTD:     _____ %

> **[Note: The total of the percentages given in your answer should equal 100%.]**
>
> **In determining the amount of damages, do not make any reduction because of the negligence, if any, of JANE ELIZABETH SNIDER-HANCOX. If you find that she was to any extent negligent, the court in entering judgment will make an appropriate reduction in the damages awarded.**

4. If you answered "Yes" to Question 1, what sum of money do you find from a preponderance of the evidence to be the total amount of the Plaintiff's damages *for each of the following elements* (without adjustment by application of any percentages you may have given in answer to Question 3)?

> **(a)  What is the total amount of Plaintiff's medical expenses incurred in the past, medical expenses to be incurred in the future? $_____**
>
> **(b)  What is the total amount of Plaintiff's damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future? $_____**
>
> **TOTAL DAMAGES OF Plaintiff (add lines (a) and (b))  $_____**

*a. expense of hospitalization and medical care and treatment in the past*

$\$_____$

*b. expense of hospitalization and medical care and treatment in the future*

$\$_____$

*c. any earnings lost in the past* $\$_____$

*d. any loss of ability to earn money in the future.* $\$_____$

*e. bodily injury, resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, or, loss of capacity for the enjoyment of life in the past* $\$_____$

*f. bodily injury, resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, or, loss of capacity for the enjoyment of life in the future* $\$_____$

**SO SAY WE ALL.**

_____

**FOREPERSON**

**DATED:**_____