UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**CASE NO. 17-20942-CIV-MARTINEZ-LOUIS**

JANE ELIZABETH SNIDER-HANCOX,

    Plaintiff,

vs.

NCL BAHAMAS LTD.,

    Defendant.
_____/

## **ORDER ON PENDING MOTIONS**

    This order addresses the pending motions following the hearing held on March 28, 2019.

- NCL's motion to reschedule trial [D.E. 217] is denied as moot.
- The parties' joint motions to bring electronic equipment into the courtroom for trial [D.E. 169, 225, and 236] are all denied without prejudice, with leave to refile before trial.
- Ms. Snider-Hancox's motion in limine [D.E. 160] is granted in part and denied in part as follows: (1) With respect to the 2013-16 tax returns, Ms. Snider-Hancox confirmed at the hearing that she is not seeking damages for lost wages or reduced earning capacity. As a result, NCL is not allowed to inquire about the tax returns (or introduce them) if Ms. Snider-Hancox testifies that she paints for pleasure and that some of her paintings have been used in the family business. (2) With respect to the 2017 eviction proceedings in Monroe County, NCL is permitted to ask Ms. Snider-Hancox whether she and her husband were defendants in an eviction action in June of 2017 because her financial condition at the time of this lawsuit is relevant to her potential motive for filing this action. If Ms. Snider-Hancox answers yes, NCL will not be allowed to introduce any records of the eviction proceeding. (3) With respect to the photographs and cell phone discovery issues, Ms. Snider-Hancox withdrew her request at the hearing, so that issue is moot.
- NCL's initial motion for the entry of a final judgment on sanctions [D.E. 154] is denied as moot given NCL's second motion for entry of a final judgment on sanctions [D.E. 226], which is addressed below.

- NCL's second motion for the entry of a final judgment on sanctions [D.E. 226] is denied. Such a judgment would not be immediately appealable as a final decision under 28 U.S.C. § 1291 or under the collateral order doctrine. *See Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 205-07 (1999). I will therefore exercise my discretion to "reduce any hardship [on Ms. Snider-Hancox] by reserving until the end of the trial [the] decision[ ] . . . as [to] when to order collection [of the sanction]." *Id.* at 210.

- NCL's request for an adverse inference/spoliation instruction is granted in part and denied in part. As explained at the hearing, such an instruction is warranted given Magistrate Judge Otazo-Reyes' findings about Ms. Snider-Hancox's conduct. *See ML Healthcare Servs., LLC v. Publix Super Markets, Inc.*, 881 F.3d 1293, 1308 (11th Cir. 2018); Fed. R. Civ. P. 37(e)(2)(B). But NCL's proposed instruction is too severe and one-sided. I recognize that sometimes an instruction requiring the jury to draw an unrebuttable adverse inference is appropriate. *See, e.g., Beaven v. U.S. Dept. of Justice*, 622 F.3d 540, 555 (6th Cir. 2010). But in the exercise of my discretion I conclude that the adverse inference here should be permissive. *See, e.g., Blinzler v. Marriott Int'l, Inc.*, 81 F.3d 1148, 1158-59 (1st Cir. 1996).

Accordingly, the jury will be instructed as follows: **"Ms. Snider-Hancox knew that photographs taken during the cruise with her cellular phone were relevant to her claims against NCL, but she failed to preserve her cellular phone and its photographs. Although Ms. Snider-Hancox did provide NCL with some photographs taken on her phone, NCL was not able to determine whether other photographs existed and was not able to review any such photographs. You may therefore infer (1) that there were photographs from the cruise that Ms. Snider-Hancox did not produce to NCL, and (2) that those photographs would contradict Ms. Snider-Hancox's claims and version of what happened on the cruise. These inferences are rebuttable, meaning that you may choose not to make them if Ms. Snider-Hancox offers you a convincing reason why she did not preserve her cellular phone and its photographs."**

- NCL's request for a jury instruction on the effect of voluntary intoxication based on Fla. Stat. § 768.36 is denied. NCL wants the jury to be instructed that if Ms. Snider-Hancox was under the "influence of alcoholic beverages" such that "her normal faculties were impaired," and "as a result of such impairment," she was "more than 50 percent at fault for her own harm," she cannot recover any damages for loss or injury. This proposed instruction is inappropriate. Maritime law,

which governs this case, embodies a tort regime of pure comparative fault. *See, e.g., Chotin Transp., Inc. v. U.S.*, 819 F.2d 1342, 1354 (6th Cir. 1987); *Lewis v. Timco, Inc.*, 716 F.2d 1425, 1428 (5th Cir. 1983) (en banc). Instructing the jury on a Florida statute which precludes recovery if the plaintiff is more than 50 percent at fault due to her alcoholic impairment would be inconsistent with a regime of pure comparative fault, and would run counter to having a consistent body of maritime tort law. "Under a pure comparative fault analysis, '[t]he plaintiff's negligence reduces the amount of damages he can collect, but is not a defense to liability.'" *City of Chicago v. M/V Morgan*, 375 F.3d 563, 575 (7th Cir. 2004) (citation omitted). I therefore disagree with *Johnson v. Carnival Corp.*, No. 07-20147, 2007 WL 9624457, at \*4 (S.D. Fla. Dec. 10, 2007), upon which NCL relies. *Cf. Doe v. NCL (Bahamas) Ltd.*, No. 11-22230, 2012 WL 5512347, at \*4-\*5 (S.D. Fla. Nov. 14, 2012) (declining to apply Florida's dram shop liability act, Fla. Stat. § 768.125, in a maritime action).

- In an order issued in February of 2019, Magistrate Judge Louis ruled that the opinions of two of NCL's experts—Dr. Thomas Lockhart and Dr. Emily Skow—should be excluded under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) [D.E. 219]. For the reasons which follow, NCL's objections to Magistrate Judge Louis' rulings [D.E. 227] are sustained in part and overruled in part.

My review of Magistrate Judge Louis' order is not plenary. As NCL acknowledges in its objections, modification of the order (which dealt with non-dipositive matters) is appropriate only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F.Supp.3d 368, 388 (D. Del. 2014).

Turning first to Dr. Lockhart, I see no basis for setting aside Magistrate Judge Louis' ruling. First, Dr. Lockhart's report [D.E. 171-1] does not adequately explain the concept of "counter torque." Second, Dr. Lockhart's report concedes the possibility, however slight, that Ms. Snider-Hancox could have landed on her left side through "counter torque," but does not explain, in any meaningful way, why Dr. Lockhart believes that this fall on the left side could not have taken place. In short, the report does not provide any non-conclusory support for Dr. Lockart's ultimate opinion that the fall "could not have occurred in the manner as described" by Ms. Snider-Hancox. That is one of the deficiencies found by Magistrate Judge Louis [D.E. 219 at 8-9], and her ruling as to Dr. Lockhart therefore stands.

As to Dr. Skow, Magistrate Judge Louis excluded her opinions on the ground that it would

not be helpful to the jury on a matter of common knowledge and experience (i.e., whether Ms. Snider-Hancox would have and should have seen the liquid on the floor) [D.E. 219 at 10]. On this point, I disagree in part with Magistrate Judge Louis. It is true that the jury, with photographs of the scene, will be in a position to begin to figure out whether the liquid was visible to someone in Ms. Snider-Hancox's position. But that does not mean that Dr. Skow's first two opinions—(1) that "sufficient visual cues were available to support the perception of the presence of liquid on the decking," and (2) that Ms. Snider-Hancox "would have had sufficient time and distance to have incorporated environmental conditions into her understanding and to have taken cautionary measures to have prevented her fall" [D.E. 171-4 at 10]—are unhelpful to a jury in determining the issue of comparative fault.

As to Dr. Skow's third opinion—(3) that "Ms. Snider-Hancox's failure to detect the liquid on the decking was due to inadequate attention to the incident area and/or the effects of alcohol"—NCL's objection is sustained as to the initial part of the opinion (that Ms. Snider-Hancox was not paying adequate attention) and overruled as to the last part of the opinion (that the fall was caused by the effects of alcohol). I do not see how Dr. Skow can opine of the effect of alcohol on Ms. Snider-Hancox without knowing exactly how much she drank and whether she ate food along with the alcohol. Indeed, in her report [D.E. 171-4 at 8] Dr. Skow explains that patterns of symptoms for human behaviors important for safe pedestrian activity "change as blood alcohol level increases," but there is no indication of what Ms. Snider-Hancox's blood alcohol level was at the time of the fall. At the very least, as to the last part of this third opinion, Magistrate Judge Louis' ruling is not clearly erroneous or contrary to law, and is affirmed.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st day of May, 2019.

_____
Adalberto Jordán
U. S. District Judge
Sitting by Designation

Copies provided to:
Magistrate Judge Louis
All Counsel of Record