UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JANE ELIZABETH SNIDER-HANCOX,

    Plaintiff,

v.
                                                  CASE NO. 17-CV-20942-JEM

NCL (BAHAMAS) LTD.,
a Bermuda Company d/b/a
NORWEGIAN CRUISE LINES,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR NEW TRIAL

    **COMES NOW**, Plaintiff and moves this court for a new trial pursuant to Federal R. Civ. Pro. 59 and states as follows:

## MOTION FOR NEW TRIAL

**Introduction:** This case was tried before a jury from October 13, 2021, to October 18, 2021. On October 18, 2021, the jury returned a verdict in favor of Defendant and against Plaintiff. On the basis of the Jury Verdict (ECF No. 286), the Court entered a Final Judgment for Defendant on October 28, 2021(DE 294).

**1.**     **Summary of Argument: The court erred in permitting, over objection, the defendant to cross examine witnesses with and to refer to, during opening and closing, various inadmissible and prejudicial statements made by the Magistrate in the Order Granting Defendant's Second Motion for Sanctions (DE 146) and this evidence and argument affected Plaintiff's substantial rights to a fair trial.**

2.     **Defendant's primary defense, which permeated every aspect of the trial, was the spoliation issue which it used at every opportunity to paint the Plaintiff and her husband as liars**. Although entitled to raise and offer evidence on this issue, Defendant was not permitted to usurp the province of the jury as the ultimate fact finder and judge of the credibility of the

1

Plaintiff and her claim by using the Magistrate's Order as a means of improperly advising the jury that a judge had already decided that the Plaintiff's testimony on these issues was not credible.

**3. The issue of fact on spoliation and any adverse inference to be draw from it was contained in the jury charge:**

### JURY INSTRUCTION NO. 23

Ms. Snider-Hancox knew that photographs taken during the cruise with her cellular phone were relevant to her claims against Norwegian, but she failed to preserve her cellular phone and its photographs. Although Mrs. Snider-Hancox did provide Norwegian with some photographs taken on her phone, Norwegian was not able to determine whether other photographs existed and was not able to review any such photographs. <u>You may therefore infer(1) that there were photographs from the cruise that Mrs. Snider-Hancox did not produce to Norwegian, and (2) that those photographs would contradict Mrs. Snider- Hancox's claims and version of what happened on the cruise. These inferences are rebuttable, meaning that you may choose not to make them if Mrs. Snider- Hancox offers you a convincing reason why she did not preserve her cellular phone and its photographs.</u> (emphases added).

By repeatedly quoting and referencing the Magistrate's order, Defendant essentially told the jury that it was required to make both adverse inferences despite the language of the charge which contained a permissible adverse inference only. Defendant thus claimed that it was compelled to make these inferences since the magistrate had already decided that Plaintiff had failed to offer "… a convincing reason why she did not preserve her cellular phone and its photographs." Permitting Defendant to cross examine and argue the contents of the order thus prejudiced the jury in its determination of this issue.

**4. Throughout the questioning of Plaintiff and her husband and in opening and closing, defendant not only repeated many of the following phrases, often verbatim, but even put them in full view of the jury on the elmo projector.**

> "The undersigned finds that Plaintiff's testimony was contrived, non-responsive, evasive, equivocal, inconsistent and wholly lacking in credibility." *DE 146, Page 11.*

> "The undersigned finds that Mr. Hancox's explanations for the destruction of the Original Phone, the laptop and the desktop strain credulity and defy logic." *DE 146, p13*

2

> "…her false response to Defendant's Initial Request for Production…" *DE 146, p15*

> "Consequently, the undersigned finds the requisite bad faith and concludes that sanctions pursuant to the Court's inherent authority are warranted." *DE 146,* P.15

> "As to Plaintiff s intent, the circumstantial evidence establishes that Plaintiff acted in bad faith or with intent to deprive Defendant of the ESI." *DE 146,* P.17

> "Lastly, the undersigned has found that Plaintiff wholly lacked credibility and that Mr. Hancox's explanations strain credulity and defy logic when they claimed that the Original Phone was run over by a car; that neither Plaintiff nor Mr . Hancox remembered that the Original Phone had been replaced until almost two years later; and that the device used to transfer the Original Phone's photographs was destroyed either by being dropped on a concrete patio or doused in water after catching fire. Hence, the affirmative act causing the loss of the ESI cannot be credibly explained as not involving bad faith by the reasoning proffered *DE 146* p17.

> "Based on these factors, the undersigned concludes that Plaintiff acted with the intent to deprive Defendant of the use of the ESI." *DE 146,* p18.

**5.     The contents of the magistrates' order were not admissible for various reasons.**

a.     Since the order was not listed as an exhibit, its use constituted trial by ambush.

b.     The contents were never judicially noticed nor could they have been the proper subject of judicial notice since the contents of the order were disputed and appealed.

c.     The contents of the order were hearsay for which there is no exception.

d.     Any probative value of the order was substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. It was prejudicial because it would be given undue weight by the jury. It was confusing and misleading to the jury because the ultimate issues before the magistrate were different than under the adverse inference instruction.

e.     For all of these reasons, well settled case law cited below holds that prior judicial

findings of fact are inadmissible.

6.   **The use of the magistrate's was substantial and prejudicial error.**

There were numerous factual disputes not only on the spoliation issue but also on negligence[1] and damages and whether Plaintiff could rebut the adverse inference by offering a convincing reason why she did not preserve her cellular phone and its photographs. Defendants' use of the magistrate's credibility findings effectively foreclosed this issue and virtually required the jury to determine that no reason offered by the plaintiff could possibly be convincing. Lastly, defense counsel intentionally elicited the evidence and focused on it during the trial. Therefore, the jury was substantially swayed to find in the defendant's favor and a new trial is warranted.

WHEREFORE, Plaintiff requests that this Court grant Plaintiff's Motion for New Trial pursuant to *Fed R. Civ. Pro. 59.*

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR NEW TRIAL

**1. Summary of Argument:   The court erred in permitting, over objection, the defendant to cross examine witnesses with and to refer to, during opening and closing, various inadmissible and prejudicial statements made by the Magistrate in the Order Granting Defendant's Second Motion for Sanctions (DE 146) and this evidence and argument affected Plaintiff's substantial rights to a fair trial.**

**2.   Standard for Granting a New Trial on the Basis Of Improperly Admitted Evidence:**

A new trial should be granted if inadmissible evidence is presented to the jury which affects a party's substantial rights. *Marlite, Inc. v. Eckenrod*, 537 F. App'x 815, 817-18 (11th Cir. 2013): *Ad-Vantage Telephone Directory Consultants, Inc. v. GTE Directories Corp.*, 37 F.3d 1460, 1465 (11th Cir. 1994) (judge abused discretion in failing to grant a new trial after

---

[1] There was no testimony which directly disputed the Plaintiff's version of the slip and fall and her description and that of her husband of the substance which caused the fall.

4

erroneously permitting highly prejudicial testimony ).  To show that an evidentiary ruling affected Plaintiff's substantial rights, Plaintiff "bears the burden of proving that the error probably had a substantial influence on the jury's verdict." *Marlite, Inc. v. Eckenrod* supra at 817-818, *Proctor v. Fluor Enterprises, Inc., 494 F.3d 1337, 1353 (11th Cir. 2007).* "If one cannot say, with fair assurance, … that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected." *Ad-Vantage Tel. Directory Consultants v. GTE Directories Corp., supra at 37 F.3d 1465; Aetna Casualty & Surety Co., 803 F.2d at 1159* (quoting *Kotteakos v. United States*, 328 U.S. 750, 765, 66 S. Ct. 1239, 1248, 90 L. Ed. 1557 (1946)).  Among the factors to consider in determining whether Plaintiff's substantial rights were affected are the number of errors, the closeness of the factual disputes, the prejudicial effect of the evidence, the instructions given, and whether counsel intentionally elicited the evidence and focused on it during the trial. *Ad-Vantage Tel. Directory Consultants v. GTE Directories Corp*., supra at 1465; *Aetna Casualty & Surety Co.*, supra at 803 F.2d at 1160.

In the case at bar, review of these factors shows that Plaintiff's substantial rights were affected by the use of the Magistrate's order. First, there were numerous erroneous instances of the use of the Order in both cross examination and opening and closing argument. Second, there were numerous factual disputes not only on the spoliation issue but also on negligence and damages and whether Plaintiff could rebut the adverse inference. Third, Defendant's use of the magistrate's credibility findings substantially prejudiced the jury by effectively foreclosing this issue and virtually required the jury to determine that no reason offered by the plaintiff could possibly be convincing. Fourth, the use of this evidence was directly contrary to the adverse inference charge which left the permissible inference issue solely within the

5

ambit of the jury's determination. Lastly, there is little dispute that defense counsel intentionally elicited the evidence and focused on it during the trial as the very center of its defense in the entire case. An error on an evidentiary ruling will result in the reversal of a jury's verdict if a party establishes a substantial prejudicial effect or a manifest injustice. See *Anderson v. WBMG-42*, 253 F.3d 561, 563 (11th Cir. 2001) (citing *Piamba Cortes v. Am. Airlines, Inc.*, 177 F.3d 1272, 1305 (11th Cir. 1999);See also: *United States Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1286-88 (11th Cir. 2001).* Here, a new trial is warranted because Plaintiff has established a substantial prejudicial effect or a manifest injustice as a result of the use of the inadmissible magistrate's findings of fact.

**3. Under well settled case law, the magistrate's order and its findings of fact were inadmissible since they could not be judicially noticed, were hearsay for which there was no exception and their prejudicial, misleading and confusing nature outweighed any relevance**.

a. **A district court's findings of fact in a pretrial spoliation order should not be admissible because they would present a danger of foreclosing the jury from making its own factual findings.** *Lexpath Techs. Holdings, Inc. v. Welch,* 744 F. App'x supra at 79 (citations omitted). (Counsel told the jury that the opposing party had destroyed evidence in the form of 53,000 computer files and that the court had already ruled on that issue).

In *Phillip M. Adams & Assocs., Ltd. Liab. Co. v. Windbond Elecs. Corp.*, No. 1:05-CV-64 TS, 2010 U.S. Dist. LEXIS 97305, at *27-29 (D. Utah Sep. 16, 2010),* the district court held that Defendant violated its duty to preserve evidence, that Plaintiff was prejudiced due to Defendant's destruction of documents and the appropriate sanction was a jury instruction that the jury may, but is not required to, draw assumptions from the fact that a party did not preserve and had not produced evidence. However, the court held that:

6

> "…**Plaintiff shall not mention this sanction to the jury due to the danger of prejudicing the jury**. Plaintiff is free to put on evidence of MSI's failure to preserve evidence (spoliation) and, the Court having determined that MSI had a duty to preserve evidence, of its actions regarding the preservation of evidence, if any, including any document retention policy issues. Plaintiff may argue in closing argument that MSI should have preserved evidence and refer to the fact that the jury will be instructed that MSI should have preserved the evidence. However, **Plaintiff may not directly or impliedly state that the Court has made a finding of wrongdoing on MSI's part; in other words, Plaintiff may not state or imply that the Court has sanctioned MSI.**"

See also *Bastidas v. Good Samaritan Hosp. LP*, No. 3:13-cv-04388-SI, 2017 U.S. Dist. LEXIS 56196, at *2-4 (N.D. Cal. Apr. 12, 2017)(contents of pre-trial orders implying that a defendant had engaged in retaliatory acts in response to a protected activity of the filing of a law suit held inadmissible because they are of questionable relevance, pose a substantial danger of unfair prejudice, confuse the issues, mislead the jury, and waste time under *Fed. R. Evid.* 403); See also: *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.,* 505 F. Supp. 1125, 1184-86 (E.D. Pa. 1980).

The court's findings of fact in a pretrial order were held to be inadmissible hearsay under *FRE 803* and overly prejudicial under *FRE 403*. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, supra at 1184-86. *803(8)(C)* does not talk about judicial findings, rather, the rule speaks of factual findings resulting from "an investigation made pursuant to authority granted by law." Furthermore, the trustworthiness evaluation would be totally unsuited to evaluating judicial findings. Indeed, the judge is likely incompetent as a witness. In order to test trustworthiness, it must be possible to call the author of the fact-finding as a witness so as to impeach the findings. "That just cannot be done under the F.R.E. with respect to a judge."

The court's findings of fact in the pretrial order were also inadmissible under *Rule 403* as unfairly prejudicial:

> "This is because such findings would present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating

7

> a serious danger of unfair prejudice. There would also be a prospect of confusing the issues and causing undue delay because of the time necessary to explain to the jury that the findings were made only as they relate to the preliminary matters of personal jurisdiction, venue, and service of process, all of which, of course, implicate different legal issues than are involved at trial. This would in turn require a veritable exegesis of abstruse areas of the law.

*Zenith Radio Corp. v. Matsushita Elec. Indus. Co.,* supra at 1184-86.

Finally, even when a court is looking at its own actions and records, it does not have the power to judicially notice prior allegations or findings of fact in those documents that are subject to reasonable dispute, *Weinstein's Federal Evidence § 201.12* (2021).

In the case a bar, since the findings of fact were made by a judge they were given undue weight by the jury and thus created unfair prejudice to Plaintiff.

**B. <u>Eleventh Circuit Decisions Prohibiting Admission of Prior Court Orders:</u>**

In *United States v. Jones*, 29 F.3d 1549, 1552-54 (11th Cir. 1994), the court held that a prior court order in a related proceeding containing findings of fact and references to witnesses' testimony was inadmissible hearsay and not covered by the exception of Rule 803(8)(C), citing the leading case of *Nipper v. Snipes,* 7 F.3d 415, 418 (4th Cir.1993)(Judicial findings of fact in a court's order in a previous case were inadmissible and it was also error for the district court to allow counsel read its findings of fact to the jury.) See also *United States v. $125,938.62 Proceeds of Certificates of Deposit*, 537 F.3d 1287, 1292 (11th Cir. 2008) (factual findings in Nicaraguan judgment of conviction were inadmissible under Rule 803(8) and since it was based on an erroneous view of the law, it was an abuse of discretion *per se."* <u>United States v. $125,938.62 Proceeds of Certificates of Deposit No. 1271734730</u>, 537 F.3d 1287, 1292 (11th Cir. 2008)

The Eleventh Circuit revisited this issue in the leading and oft cited case of *United States Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275 (11th Cir. 2001). In an earlier criminal case against the

8

Defendant, a state court judge issued an order dismissing the indictments and incorporated a statement of facts which was favorable to Defendant.

The Eleventh Circuit held the admission of this order was improper since it was unreliable hearsay and dangerously prejudicial and misleading, citing what is now the following well settled principle from *Nipper*, 7 F.3d at 418

> **"Judicial findings of fact present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice."**

Id at *1286-88.* This statement has become the bedrock principle underlying the majority of cases finding that judicial findings of fact are so dangerous that they simply have no place in a jury trial. See e.g. *King v. Cessna Aircraft Co.*, 03-20482-CIV, 2010 U.S. Dist. LEXIS 53585, 2010 WL 1839266, *6 (S.D. Fla. May 6, 2010); *Cardinal v. Buchnoff*, No. 06CV0072-MMA(BLM), 2010 U.S. Dist. LEXIS 86523, at *13 (S.D. Cal. Aug. 23, 2010); *United States v. Sine*, 493 F. 3d 1021, 1034-35 (9th Cir. 2007); *Athridge v. Aetna Cas. & Sur. Co.*, 474 F. Supp. 2d 102, 109-11 (D.D.C. 2007); *Moore v. Hartman*, 102 F. Supp. 3d 35, 143-45 (D.D.C. 2015). Carter v. Burch, 34 F.3d 257, 265 (4th Cir. 1994); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, supra at 1184-86.

The Eleventh Circuit concluded that the district court abused its discretion in admitting the judicial opinion.

> "The jury, not Judge Garrett, was charged with making factual findings on Appellees' allegations in this case. Moreover, Appellants have shown they were substantially prejudiced by the admission of Judge Garrett's opinion, as Appellees relied on the opinion throughout the trial. Most notably, during closing argument, Appellees' counsel told the jury to use the opinion to make credibility determinations. Therefore, the district court's admission of the opinion constituted reversible error.

*United States Steel, LLC v. Tieco, Inc.*, supra at 261 F.3d 1286-88 (11th Cir. 2001). In the case at bar, it was the jury, not the magistrate, who was charged with making factual findings. Plaintiff was substantially prejudiced by the admission of the magistrates' opinion which Defendant relied on throughout the trial. Therefore, the use of the order was prejudicial error.

The district courts in the Eleventh Circuit continue to reject the admission of judicial findings of fact as hearsay am as highly prejudicial. See e.g. *City of Rome v. Hotels.com, L.P.,* No. 4:05-CV-249-HLM, 2012 U.S. Dist. LEXIS 198877 at *11 n.15 (N.D. Ga. July 9, 2012) (judicial findings of fact and conclusions of law were inadmissible hearsay under clear Eleventh Circuit precedent, not subject to any exception and were unduly prejudicial; *King v. Cessna Aircraft Co.*, 03-20482-CIV, 2010 U.S. Dist. LEXIS 53585, 2010 WL 1839266, *6 (S.D. Fla. May 6, 2010) (finding that judicial findings of fact are inadmissible hearsay not subject to any exception and prejudicial pursuant to Rule 403); *Johnson v. Clark,* No. 2:03-cv-490-FtM-33DNF, 2006 U.S. Dist. LEXIS 7070, at *3 n.11 (M.D. Fla. Feb. 7, 2006) (Judicial findings of fact in state court could not be noticed as a judicial act since they were disputed and they should have been excluded as hearsay and as prejudicial under FRE 403. "…the risk that the jury will place undue weight on the judicial opinions …is substantial, and therefore, the …judicial orders should be excluded from evidence. … and Johnson is forbidden from making known to the jury any portions of the judicial orders which may be deemed 'findings of fact.'"

**C Decisions of Other Circuit Courts of Appeal Prohibiting Admission of Prior Court Orders:**

In the leading case of *Nipper v. Snipes,* 7 F.3d 415, 416 (4th Cir. 1993)*,* findings of fact from a previous civil lawsuit between the same parties was read to the jury by counsel during the examination of one of the parties. The portions of the order that Plaintiff counsel read to the jury repeatedly referred to factual findings of misrepresentations made by the Defendant, his failure

10

to disclose material information, and his participation in a civil conspiracy, as well as findings that his wife had knowingly filed false affidavits. i*d at 416.* The Fourth Circuit held the admission of these findings was erroneous and reversed the jury's verdict based on the prejudice produced by the evidence. *Id. at 418.*

In *Carter v. Burch*, 34 F.3d 257, 265 (4th Cir. 1994), the Fourth Circuit held that a judicial opinion was not admissible as a hearsay exception under Rule 803(8)(C).  Moreover, because the probative value of the opinion would be substantially outweighed by the danger of unfair prejudice, the district court properly excluded the opinion under Fed. R. Evid. 403.  The court reasoned that the opinion was unduly prejudicial because the judge's opinion decided the precise issue before the jury in the related civil action, thereby making it likely that the jury would have placed undue weight on such evidence." *id* at 265.

In *United States v. Desantis*, 134 F.3d 760, 770 (6th Cir. 1998), the Sixth Circuit held that related state court and agency findings of fact were inadmissible and those evidentiary errors were likely prejudicial.  The state court findings directly undermined Defendant's credibility.  The effect of the reading of detailed factual conclusions in the order and the reliance on these findings during closing argument further established their importance in undermining defendant's credibility.  This use of the opinion may have prompted the jury to engage in bad-character reasoning, and easily could have affected the jury's verdict. *id* at 770.

In *United States v. Jeanpierre*, 636 F.3d 416, 423-24 (8th Cir. 2011), the Eight Circuit held that a magistrate judge's credibility determinations were inadmissible hearsay for which there was no exception.  Accord: *B & B Hardware, Inc. v. Hargis Indus.*, 716 F.3d 1020, 106 U.S.P.Q.2d (BNA) 1660, 2013 U.S. App. LEXIS 8926 (8th Cir. 2013), rev'd on other grounds.(District court properly excluded Trademark Trial and Appeal Board (TTAB) decision

from evidence because jury and Board analyzed evidence in manner significantly different than a jury was required to and thus the Board's findings would have been unfairly prejudicial.)

The Ninth Circuit in *United States v. Sine, 493 F.3d 1021, 2007 U.S. App. LEXIS 16937 (9th Cir. 2007),* a case with remarkably similar facts to the case at bar, held that bringing adverse, derogatory factual findings and comments in a judge's opinion in a related civil case before the jury in a criminal case created too great of a danger of unfair prejudice and thus violated *Fed. R. Evid. 403*. In *Sine*, the government repeatedly used the judge's factual during its cross-examination of the defendant and other witnesses, quoting large portions of the findings in doing so. The order at issue painted a "pervasively negative flavor" of the defendant and contained "…findings that, to put it mildly, were likely to lead the reader to distrust everything Sine said or did." *id* at *1026-27*. Although the full text of the order was not admitted as evidence, the jury heard many portions of it. Likewise, during its closing argument, the government juxtaposed Defendant's trial testimony with the judge's scathing evaluation of his testimony in the prior case. Not only did the government place the judge's findings before the jury in this fashion, but it stressed that a judge had already found those facts to be true in order to refuting Defendant's efforts to disagree with the findings.

In *Sine*, as in the case at bar, the government presented the thrust of judge's order to the jury through its cross-examination technique, a tactic that had the potential unfairly to prejudice defendant. It also impermissibly placed hearsay evidence before the jury. Although many of the facts found in the order were quite relevant to the issues before the jury, the government could not properly use the suggestive short cut that it did to bring those facts before the jury. Id at *1031-32*. The Ninth Circuit was highly critical of the use of this hearsay material which was not admitted into evidence during cross examination, stating

12

> "We note preliminarily that although the order was never admitted into evidence, a line of questioning that repeatedly incorporates inadmissible evidence can be just as improper as the direct admission of such evidence. We agree …that such "speaking" questions can violate the Federal Rules of Evidence. …"

The Ninth Circuit reasoned, based on the decisions of other circuits, that the use of facts found in a judicial opinion can unfairly prejudice a party such as where portions of the judge's order that were read to the jury repeatedly refer to factual findings of misrepresentations, failure to disclose material information, and the filing of false affidavits. Therefore, the jury's verdict based on the prejudice produced by this evidence was reversed. See *Nipper v. Snipes*, supra at 7 F.3d 415, 416. Id at Id at *1031-32*. The Ninth Circuit further stated *" ... the nature of the facts found and comments made by Judge Carr -- directly opining on Sine's motivations and truthfulness, thereby implicating Sine's overall credibility as a witness -- heavily weighs on the unfair prejudice side of the balance." id* at *1034-35*. See also *Barranco v. 3D Sys. Corp.*, 952 F.3d 1122, 111 Fed. R. Evid. Serv. (CBC) 1162, 2020 U.S. App. LEXIS 7805 (9th Cir. 2020) (Affirming finding that danger of undue prejudice from admitting an arbitration award outweighed its probative value because juries tended to defer to professional fact finder); *Herrick v. Garvey*, 298 F.3d 1184, 1191-92 (10th Cir. 2002)( Since findings of fact in opinion in earlier district court case were hearsay for which there was no exception and since the jury was likely to give them disproportionate weight because of the imprimatur that has been stamped upon them by the judicial system, the opinion was in admissible.)

In the case at bar, the use of facts found in the magistrate's order unfairly prejudiced the Plaintiff where portions of the order that were read to the jury repeatedly referred to factual findings of misrepresentations, failure to disclose material information, and the filing of false affidavits. Therefore, the jury's verdict was based on the prejudice produced by this evidence and a new trial is warranted. In this case, the nature of the facts found and comments made by the

magistrate directly opining on Plaintiff's motivations and truthfulness, thereby implicating her overall credibility as a witness, "heavily weighs on the unfair prejudice side of the balance."

### D) District Court Decisions Prohibiting Admission of Prior Court Orders:

The district courts have prohibited the taking of judicial notice of prior judicial findings of fact. See e.g. *Murphy v. Islamic Republic of Iran*, 740 F. Supp. 2d 51, 58 (D.D.C. 2010)( courts generally cannot take notice of findings of fact from other proceedings for the truth asserted therein because these are disputable and usually are disputed)

Many district courts have prohibited the use of prior judicial findings of fact because they are inadmissible hearsay and because any relevance is far outweighed by their prejudicial effect on the jury. *United States v. Hansen*, No. CR18-092RAJ, 2021 U.S. Dist. LEXIS 112221, at *9 (W.D. Wash. June 15, 2021)( Bankruptcy Order was hearsay without an exception and inadmissible in that its "judicial findings of fact" recapitulated others' testimony and declarations.); *United States v. Wright*, No. 3:16-CR-255, 2021 U.S. Dist. LEXIS 71875, at *18-24 (M.D. Pa. Apr. 14, 2021)(Judicial credibility determinations at a suppression hearing to impeach a witness at trial to show his testimony was not entirely credible was inadmissible hearsay); *N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde*, 2018 U.S. Dist. LEXIS 92145, at *42 (S.D.N.Y. June 1, 2018)( Default judgment was a judicial finding of fact which was inadmissible hearsay.); *Penree v. City of Utica*, No. 6:13-cv-01323 (MAD/ATB), 2017 U.S. Dist. LEXIS 126856, at 7-9 (N.D.N.Y. Aug. 10, 2017)( Prior criminal court order which contained findings of fact and conclusions of law was inadmissible hearsay and unfairly prejudicial especially where the findings were directly relevant to the Plaintiff's claim.); *Moore v. Hartman,* 102 F. Supp. 3d 35, 143-45 (D.D.C. 2015)( An order and opinion in related criminal case contained several comments critical of the prosecution's case which plaintiff hoped to

14

leverage demonstrate that the government's evidence was abysmally weak held inadmissible. "The jurors might have accorded more weight to the analysis of the evidence laid out in … Opinion than to their own perceptions of the evidence simply because the opinion was authored by a judge. This was presumably the plaintiff's goal in seeking to admit the opinion." Finally, the prejudice could not be overcome by a limiting instruction.); *Cardinal v. Buchnoff*, No. 06CV0072-MMA(BLM), 2010 U.S. Dist. LEXIS 86523, at *4-9 (S.D. Cal. Aug. 23, 2010)(Prior disposition of the criminal charge excluded as irrelevant, misleading, and unduly prejudicial. "Admitting a judicial opinion for the truth of the matter it asserts would present the jury with unreliable evidence, neither based on personal knowledge nor subject to cross-examination." It is the jury who is must determine the issue and "…a judge's opinion on the same issue would be highly influential and prejudicial."); *Hill v. United States Truck, Inc.,* Civil Action No. 8:06-CV-1010-GRA, 2007 U.S. Dist. LEXIS 39197, at *11-12 (D.S.C. May 30, 2007)( Error to admit probate court order insofar as it contained findings of fact*);United States v. Njock Eyong,* No. 06-305 (JDB), 2007 U.S. Dist. LEXIS 38615, at *6-8 (D.D.C. May 30, 2007)( Immigration judge's finding that defendant was not a credible witness and that perjured himself constituted hearsay and was inadmissible  Also, these findings would unduly influence the jury and therefore unfairly prejudice defendant."*); Brooks v. Schults*, 333 F. Supp. 2d 678, 679-80 (E.D. Tenn. 2004)(Judicial findings of fact were inadmissible hearsay without any exception. Further, the credibility determinations and judgments about the evidence in the prior order were "…precisely what the jury in this case will be asked to do in assessing plaintiff's claims…" "… (A)llowing the reasoning from the General Sessions Court may unduly influence the jury to adopt that court's credibility determinations, rather than make their own evaluation of the evidence."); *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 141 F. Supp. 2d 320, 323-24 (E.D.N.Y.

15

2001)(Judicial findings were inadmissible hearsay. Further, the attempted impeachment to disparage a party or discredit the testimony given by parties "…carry with them the very great potential to influence the minds of the jurors and to prejudice the rights of the litigants."); *Hairston v. Wash. Metro. Area Transit Auth.,* Civ. No. 93-2127 (TFH/DAR), 1997 U.S. Dist. LEXIS 5188, at *5-6 (D.D.C. Apr. 10, 1997)( judicial findings of fact were hearsay without exception and also must be excluded because their probative value was substantially outweighed by the danger of unfair prejudice*.);Athridge v. Aetna Cas. & Sur. Co.*, 474 F. Supp. 2d 102, 109-11 (D.D.C. 2007)(Courts have consistently avoided potential jury confusion and unfair prejudice in related actions by excluding judicial findings, convictions, and similar evidence on Rule 403 grounds. A jury is apt to give exaggerated weight to a judgment.).

In the case at bar, a new trial is required in view of the substantial prejudice created by the Defendant's use of the magistrates' order to usurp the fact-finding responsibility of the jury.

**WHEREFORE**, Plaintiff, for all the reasons and authorities cited above, requests that this Court grant Plaintiff's Motion for New Trial.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Undersigned counsel hereby certifies that the parties have conferred and that Defendant is opposed to the relief requested herein. Defendant requested that the following two paragraphs with which Plaintiff disagrees, be incorporated here:

"With regard to Plaintiff's Motion for New Trial, the motion makes allegations as to what purportedly transpired at trial without reference to a transcript of any questions asked of any witness. Notwithstanding, Defense Counsel does not recall using the word "sanctions" during the cross-examination of any witness. Therefore, assuming Defense Counsels' recollection is correct, the motion would not be factually correct and thus would not be well taken. Even if NCL had done as you allege, it still would not constitute error nor would it constitute grounds for a new trial. Accordingly, NCL opposes Plaintiff's Motion for New Trial and reserves the right to assert other grounds for opposing the motion.

We do not believe there is any legal authority supporting the relief requested in Plaintiff's Motion to Stay and Plaintiff's Motion for Extension of Time to Appeal Sanctions Order. NCL opposes both of these motions as well and reserves the right to assert other grounds for opposing these motions."

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 19, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully Submitted,

HLA HOFFMAN, LARIN & AGNETTI, P.A.
ATTORNEYS AT LAW

909 North Miami Beach Blvd. Suite 201
Miami, FL. 33162
(305) 653-5555 Telephone
(305) 940-0090 Facsimile
Pleadings@hlalaw.com

/s/ *David L. Perkins*
_____
John B. Agnetti, Esq.
Florida No. 359841
David L. Perkins, Esq.
Florida No. 264911

17